**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re Subpoena Issued to Justin M. Miller** | **Case No.** |
| *UNDERLYING ACTION:*<br><br>SUSSMAN SALES COMPANY, INC.,<br>Plaintiff,<br>v.<br>VWR INTERNATIONAL, LLC,<br>Defendant. | Case No. 20-CV-2869 (LTS) (BCM) |

**DEFENDANT VWR INTERNATIONAL, LLC AND NONPARTY JUSTIN M. MILLER'S MOTION TO TRANSFER, QUASH, OR FOR A PROTECTIVE ORDER**

Defendant VWR International, LLC ("VWR") and non-party Justin M. Miller ("Mr. Miller") (the "Movants") respectfully move pursuant to Federal Rule of Civil Procedure 45(f) to transfer to the Southern District of New York the dispute concerning the August 28, 2026 subpoena duces tecum commanding Mr. Miller to appear and testify and produce documents (Ex. A at Ex. 1, the "Subpoena"), served by Plaintiff Sussman Sales Company, Inc. ("Sussman") in the underlying action, *Sussman Sales Company, Inc. v. VWR International, LLC*, No. 20-CV-2869 (LTS) (BCM) (S.D.N.Y. Apr. 7, 2020) (the "Underlying Action"). In the alternative, Movants respectfully move under Federal Rules of Civil Procedure 26(c)(1) and 45(d) to quash the Subpoena or issue a protective order eliminating the deposition requirement. At minimum,

Movants request a protective order precluding inquiry into subjects that implicate the attorney-client privilege and work product doctrine.

1. The present motion is properly before the Court because jurisdiction and venue lie in the Eastern District of Pennsylvania;
2. Transfer is warranted under Fed. R. Civ. P. 45(f) because Mr. Miller consents to a transfer, and exceptional circumstances exist because Judge Moses in the Southern District of New York has already ruled on discovery disputes bearing on the motion;
3. The Subpoena seeks privileged information because Mr. Miller has no personal knowledge of any of the facts underlying the dispute and his only involvement was to provide legal advice in his capacity as VWR's General Counsel;
4. The Subpoena also imposes an undue burden. Mr. Miller has no personal knowledge of the underlying facts. Under both the *Shelton* and *Frazier* frameworks applied in this District, deposing a party's lawyer is disfavored. Mr. Miller is not a percipient witness, the information Sussman seeks is available from other sources (including witnesses already deposed and voluminous document discovery), and deposing Mr. Miller would cause substantial harm to VWR's representational rights;
5. At minimum, even if the Court does not quash the Subpoena in its entirety, the Court should enter a protective order precluding inquiry into subjects that implicate the attorney-client privilege and work product doctrine; and
6. To the extent it seeks documents, the Subpoena should be quashed because it seeks privileged information, is overbroad, and duplicative of discovery served on VWR. Further, Mr. Miller does not have possession custody or control over documents possessed

by VWR. In any event Mr. Miller does not possess any documents responsive to the Subpoena.

Movants respectfully request that the Court grant this motion and transfer the dispute to the Southern District of New York; alternatively, quash the Subpoena or enter a protective order eliminating the deposition requirement and/or appropriately tailoring Sussman's areas of inquiry.

Dated: September 10, 2026

Respectfully submitted,

By: _*/s/ Beth Moskow-Schnoll*_
Beth Moskow-Schnoll
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 861-7360

Kan M. Nawaday
Emily Seiderman West
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10036
Tel: (212) 370-6240 / (212) 503-9816
*(pro hac vice motions forthcoming)*
*Attorneys for Defendant VWR International, LLC and Justin M. Miller*